STATE OF NORTH CAROLINA        )
                               )
              v.               )                    ORDER
                               )
ROY ALTON MOORE                )

No. 590P83

(Filed 5 June 1984)

THIS matter is before the Court for consideration of defendant's Petition for Writ of Certiorari to review the Order of the Superior Court dated 22 February 1983 denying defendant's motion for appropriate relief.

The Petition is allowed for the sole purpose of entering the following Order:

The Order of the Superior Court, Greene County, entered 22 February 1983, indicated that defendant's parole eligibility is governed by the provisions of G.S. 148-15 as that statute appeared on March 24, 1976, and that the provisions of G.S. 148-58 as applied to this defendant, provide that he will be eligible for parole in ten years. It appears from defendant's petition and from the Order of Superior Court, filed herein on 22 February 1983, that defendant was convicted in the Superior Court, Greene County, for the offenses of second degree rape, burglary, armed robbery and kidnapping in Case Nos. 76-CR-272, 274A, 273 and 274, respectively; that defendant's sentences included three life sentences in addition to a term of years for the armed robbery conviction.

N.C. Gen. Stat. § 148-15 was repealed in 1943 and was not in effect on 24 March 1976 at the time defendant was sentenced. Effective 8 April 1974, G.S. 148-58 was amended to provide that, "any prisoner serving sentence for life shall be eligible for such consideration when he has served 20 years of his sentence." *See* Session Laws 1973, 2nd Sess., c. 1201, s. 5. The Act was effective upon ratification (8 April 1974) and applied to "all offenses hereafter committed." Although repealed by Session Laws 1977, c. 711, s. 33, the provisions of G.S. 148-58 relating to parole eligibility continued to apply to "persons sentenced before July 1, 1978." Since defendant's offenses occurred after 8 April 1974 and he was sentenced in

1976 "before July 1, 1978," the 20 year parole eligibility rule applied to him under both Session Laws. Therefore, the Order providing that defendant will be eligible for parole in ten years is in error.

The Order entered by the Superior Court, Greene County, dated 22 February 1983, denying defendant's motion for appropriate relief is hereby VACATED and the cause is REMANDED to the Superior Court, Greene County, for a new hearing on petitioner's motion for appropriate relief.

By order of the Court in Conference, this 5th day of June, 1984.

FRYE, J.
For the Court